NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0488n.06

No. 13-1469

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 07, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: DOW CORNING CORPORATION, )<br>)<br>Reorganized Debtor. )<br>) | |
| ──────────────────────────────────────── ) | |
| KATHY JEAN GATZA, )<br>) | ON APPEAL FROM THE UNITED<br>STATES DISTRICT COURT FOR<br>THE EASTERN DISTRICT OF<br>MICHIGAN |
| Plaintiff-Appellant, )<br>) | |
| v. )<br>) | |
| DCC LITIGATION FACILITY, )<br>INCORPORATED, )<br>) | |
| Defendant-Appellee. )<br>) | |

Before: SUHRHEINRICH, ROGERS, and GRIFFIN, Circuit Judges.

PER CURIAM. Kathy Jean Gatza, a Wisconsin citizen proceeding pro se, appeals the district court's grant of summary judgment in favor of DCC Litigation Facility, Inc. (DCC), based on untimeliness.

Gatza received silicone breast implants in 1984 and had them removed in 1992. The implant procedures took place in Wisconsin, where Gatza resides. Approximately two months after receiving the silicone implants, Gatza began to experience swelling, stiffness, and pain in her hands and feet, and she was diagnosed with rheumatoid arthritis in July 1984. According to

Gatza, she now suffers from atypical connective tissue disease, rheumatoid arthritis, and fibromyalgia, all caused by the silicone implants.

In 1992, Gatza filed a claim in the multidistrict breast implant litigation in the Northern District of Alabama. She opted out of the class settlement as to Dow Corning, who manufactured the raw silicone materials in her implants. In 1995, Dow Corning filed for bankruptcy in the Eastern District of Michigan, and Gatza filed a proof of claim in the bankruptcy proceeding. After settlement negotiations with Gatza failed, DCC moved to certify the case for trial. The district court certified the case, and Gatza filed a new complaint. DCC later filed five summary judgment motions, one of which argued that Gatza's claims were barred by Michigan's three-year statute of limitations for product liability actions or, alternatively, by the limitations period that would apply under Wisconsin law.

The district court applied Michigan law and concluded that Gatza's claims were time-barred, reasoning that the state's limitations period does not include a discovery rule and that, as a result, "Gatza's claim accrued at the time of implant in 1984." The district court further concluded that Gatza's claim would be untimely even if the discovery rule did apply because she became ill a few months after receiving the implants and attributed her illness to the breast implants. Accordingly, the district court granted DCC's motion for summary judgment on that basis and declined to address its other arguments.

We review de novo a district court's decision to grant summary judgment. *Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In a recent decision involving another opt-out plaintiff, this court held that the district court erred by applying Michigan law rather than the law of the plaintiff's home state. *Sutherland v. DCC Litig. Facility, Inc. (In re Dow Corning Corp.)*, No. 13-1497, 2015 WL 716299, at *5 (6th Cir. Feb. 20, 2015) (holding that, when venue is transferred to a bankruptcy proceeding under 28 U.S.C. § 157(b)(5), the transferee court must apply the choice-of-law rules of the forum state to state-law tort claims). *Sutherland* does not control the outcome here because Gatza did not file suit in her state of residence, and her case was not transferred from the multidistrict litigation to the bankruptcy proceeding under § 157(b)(5).

But as in *Sutherland*, the district court erred by applying Michigan law to Gatza's claim. Both Michigan's choice-of-law rules and "general equitable choice-of-law policies" favor application of Wisconsin law in this case. *See In re Miller*, 513 F. App'x 566, 572 (6th Cir. 2013) (noting that the circuits are split on whether federal courts exercising bankruptcy jurisdiction should apply federal choice-of-law rules or those of the forum state). Although Michigan courts will presumptively apply Michigan law in tort actions, the presumption is overcome when, as here, another "state has a significant interest and Michigan has only a minimal interest in the matter." *Hall v. Gen. Motors Corp.*, 582 N.W.2d 866, 868 (Mich. Ct. App. 1998); *see Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 697-78 (6th Cir. 2013) (holding that, where plaintiff's insured was a Tennessee resident who was injured in Tennessee, that state had a substantial interest in having its law applied). Application of federal choice-of-law rules, which in this case are supplied by the Restatement (Second) of Conflicts of Law, leads to the same result. *See DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006).

Wisconsin has a three-year statute of limitations for personal injury claims. Wis. Stat. Ann. § 893.54. Wisconsin courts apply a discovery rule to determine when a claim accrues: the statute of limitations does not begin to run "until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but also that the injury was probably caused by the defendant's conduct or product." *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986). For purposes of the discovery rule, "discovery does not occur until there is information available to the claimant of the nature of her injury, the cause of her injury, and the defendant's part in that cause." *Id.* at 147.

The district court, while appearing to state that Wisconsin law is consistent with Michigan law, applied Michigan's former discovery rule in the alternative. The application of Wisconsin law is briefed to us only by defendants. Our review will be enhanced by district court consideration of Wisconsin law in the first instance. Accordingly, we vacate the district court's grant of summary judgment for DCC and remand the case to the district court for the court to apply Wisconsin law with respect to the time-bar issue and conduct.